UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SARGSYAN,<br><br>        Petitioner,<br><br>        v.<br><br>RALPH M. DIAZ, Warden,<br><br>        Respondent. | NO. CV 13-8820-BRO(AS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS OF**<br>**UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a *de novo* determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.[1]

---

[1] In his Objections to the Report and Recommendation ("Objections"), filed on June 26, 2015 (Docket Entry No. 17), Petitioner alleges for the first time that there was "cause" for the procedural default of his claim challenging Officer Ellis' testimony, during cross-examination, about Petitioner's "Hollywood" tattoo, namely, that "the factual basis for objection to the testimony was not reasonably available" because his trial counsel, after objecting to the initial

IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 20, 2015.

_____
BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

---

gang testimony "did not want to dry (sic) extra attention or highlight the gang issue by raising an objection to the tattoo testimony." (See Objections at 11-12, citing 2 RT 670 [where the trial court stated it understood why Petitioner's trial counsel did not object to such testimony "because [he wasn't] going to highlight it"] and Murray v. Carrier, 477 U.S. 478, 488 (1986) [stating that a showing that the factual or legal basis for a claim was not reasonably available to counsel would constitute "cause" for a procedural default]). However, the Court has been unable to locate, and Petitioner has failed to cite, any cases supporting Petitioner's assertion that, under these circumstances, the factual basis for an objection to Officer's Ellis' testimony was not reasonably available to counsel. Therefore, Petitioner has failed to show "cause" for his procedural default. Moreover, to the extent that Petitioner may be attempting to show "cause" by claiming that he received ineffective assistance of counsel when his trial counsel failed to object to such testimony, the fact that Petitioner did not raise a claim of ineffective assistance of trial counsel to the state courts as an independent claim (see Lodgments 3, 5, 7) precludes him from using it to establish cause for a procedural default. See Murray, supra, 477 U.S. at 489.